1  DAVID H. KRAMER, State Bar No. 168452
   MICHAEL H. RUBIN, State Bar No. 214636
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone:    (650) 493-9300
   Facsimile:    (650) 565-5100
5  Email:        mrubin@wsgr.com

6  TONIA OUELLETTE KLAUSNER (Not Admitted)
   BRIAN M. WILLEN (Not Admitted)
7  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
8  1301 Avenue of the Americas
   40th Floor
9  New York, NY 10019
   Telephone:    (212) 999-5800
10 Facsimile:    (212) 999-5899

11 *Attorneys for Defendant Google Inc.*
   [Additional Counsel Listed on Signature Page]
12

13                  UNITED STATES DISTRICT COURT
14
                   NORTHERN DISTRICT OF CALIFORNIA
15
                      SAN FRANCISCO DIVISION
16

17 IN RE: GOOGLE ANDROID CONSUMER        )   Case No.  11-MD-02264 JSW
   PRIVACY LITIGATION                    )
18                                        )   [PROPOSED] STIPULATED
                                          )   PROTECTIVE ORDER
19                                        )   FOR THE TREATMENT OF
                                          )   CONFIDENTIAL INFORMATION
20                                        )
                                          )
21 _____       )
                                          )
22 TROY YUNCKER, individually and on behalf of )   Case No.  11-CV-03113 JSW
   all others similarly situated,         )
23                                        )
                Plaintiff,                )
24                                        )
          v.                              )
25                                        )
   PANDORA MEDIA, INC.,                   )
26                                        )
                Defendant.                )
27 _____       )

28

To expedite the production of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery material, to adequately protect information the parties are entitled to keep confidential, to ensure that only the materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of confidential discovery material in preparation for and in the conduct of this litigation, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

## I.     INFORMATION SUBJECT TO THIS ORDER

### A.     Protected Information Generally

1.     All documents, tangible things, physical objects, written discovery responses, testimony, or other information produced by the producing party in this litigation is considered "Discovery Material."  This Order applies not only to Discovery Material produced in this litigation, but also to any information copied or extracted therefrom or otherwise reflecting Protected Information, in any form.  Any Discovery Material containing or including confidential information may be designated as such by the producing party by marking it "CONFIDENTIAL," "CONFIDENTIAL—OUTSIDE COUNSEL ONLY" or "RESTRICTED CONFIDENTIAL—SOURCE CODE" prior to or at the time copies are furnished to the receiving party, and shall be treated in accordance with the terms of this Order.  Each of the identified categories of confidential Discovery Material shall be identified collectively in this Order as "Protected Information."

2.     All Protected Information not reduced to documentary, tangible or physical form, or which cannot be conveniently designated as set forth in paragraph I.A.1 or pursuant to another confidentiality designation set forth in this Order, shall be designated by the producing party by informing the receiving party of the designation in writing.

3.     Any Discovery Material (including physical objects and tangible things) made available for inspection by counsel for the receiving party prior to producing copies of items selected by the receiving party shall initially be considered, as a whole, to constitute Protected Information (unless otherwise designated at the time of inspection) and shall be subject to this Order.  Thereafter, the producing party shall have a reasonable time to review and

designate the appropriate documents as CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL—SOURCE CODE, if appropriate, prior to furnishing copies to the receiving party.

        4.     Any Protected Information that is obtained by any party from any person pursuant to discovery in this litigation shall be used solely for purposes of this litigation.

        5.     Nothing in this Order shall limit any producing party's use or disclosure of its own Protected Information.

        6.     The following Discovery Material is not Protected Information:

        a.     Any Discovery Material that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such material;

        b.     Any Discovery Material that the receiving party can show was already publicly known prior to the disclosure; and,

        c.     Any Discovery Material that the receiving party can show by written records was received by it from an alternate source that obtained the material lawfully and under no obligation of confidentiality to the producing party.

**B.     Protected Information Designated Confidential**

        1.     For purposes of this Order, Protected Information designated CONFIDENTIAL shall mean all Discovery Material produced for or disclosed in connection with this action to a receiving party that constitutes confidential or commercially sensitive technical, sales, marketing, personal, or financial information of the producing party (including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action), or information that the producing party is under a legal obligation to maintain as confidential, whether embodied in documentary, tangible or physical form, or the factual knowledge of persons, and which has been so designated by the producing party.

        2.     Protected Information designated CONFIDENTIAL and the contents therein shall be available only to:

a.      Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, law clerks, project managers and litigation support personnel;

b.      Up to two in-house counsel of any party with responsibility for managing this litigation, who are members of at least one state bar in good standing, and supporting personnel employed by the legal department of any party to this litigation and one officer level employee of a party who either has responsibility for making decisions dealing directly with the litigation in this action or who is assisting outside counsel in preparation for proceedings in this action;

c.      Advisers and their necessary support personnel engaged by counsel of record for the parties, subject to the provisions of section III herein, and provided that such individuals have first been given a copy of this Order and have executed the Confidentiality Agreement attached hereto as Attachment A.  The term "Adviser" shall mean independent outside expert witnesses, consulting experts, or technical consultants (i.e., not employees of a party) retained by counsel of record for the parties who are deemed reasonably necessary to assist such counsel in connection with this litigation;

d.      Independent contractors engaged by counsel of record for the parties, to the extent reasonably necessary to assist such counsel in connection with this litigation, including but not limited to (i) legal translators retained to translate in connection with this action; (ii) independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; (iii) graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; (iv) non-technical jury or trial consulting services; and (v) discovery vendors retained to assist with the organization and management of electronic discovery;

e.      Any fact witness during the course of a deposition subject to the provisions of section V herein; and

f.      The Court, its personnel, and any other person (such as a master or

1  mediator) who serves in a judicial or quasi-judicial function, profession stenographic reporters

2  engaged to transcribe testimony (under seal or with other suitable precautions determined by the

3  Court), and jurors.

4        **C.**       **Information Designated CONFIDENTIAL—OUTSIDE COUNSEL ONLY**

5          1.       For purposes of this Order, Protected Information designated

6  CONFIDENTIAL—OUTSIDE COUNSEL ONLY shall mean Protected Information that

7  contains extremely sensitive information, the disclosure of which to another party would create a

8  risk of competitive injury that could not be avoided by less restrictive means. Protected

9  Information designated CONFIDENTIAL—OUTSIDE COUNSEL ONLY includes, but is not

10 limited to: (i) marketing, financial, sales, web traffic, research and development, or technical,

11 data or information; (ii) commercially sensitive competitive information, including, without

12 limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement

13 ("NDA"); (iii) information or data relating to future products not yet commercially released

14 and/or strategic business plans; (iv) trade secret, or other confidential research and development

15 information; (v) commercial agreements, settlement agreements or settlement communications,

16 the disclosure of which is likely to cause harm to the competitive position of the producing party;

17 and, (vi) user information.

18         2.       Protected Information alternatively designated "CONFIDENTIAL

19 OUTSIDE ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL" or "RESTRICTED

20 CONFIDENTIAL" shall be treated as if designated CONFIDENTIAL—OUTSIDE COUNSEL

21 ONLY. In determining whether Protected Information should be designated as

22 CONFIDENTIAL—OUTSIDE COUNSEL ONLY, each party agrees to use such designation

23 only in good faith.

24         3.       Protected Information designated CONFIDENTIAL—OUTSIDE

25 COUNSEL ONLY and the contents therein shall be available only to the persons or entities listed

26 in paragraphs I.B.2.a, c, d, e and f, subject to any terms set forth or incorporated therein, and not

27 to any person or entity listed in paragraph I.B.2.b.

28

**D.    Information Designated RESTRICTED CONFIDENTIAL—SOURCE CODE**

1.      The RESTRICTED CONFIDENTIAL—SOURCE CODE designation is reserved for Discovery Material that contains or substantively relates to a party's "Source Code," which shall mean documents containing or substantively relating to confidential, proprietary and/or trade secret source code or technical design documentation.  The following conditions shall govern the production, review and use of source code or design documentation information.

2.    All such Source Code, and any other Protected Information designated as "RESTRICTED CONFIDENTIAL—SOURCE CODE," shall be subject to the following provisions:

a.      Source Code, to the extent any producing party agrees to provide any such information, shall ONLY be made available for inspection, not produced except as provided for below, and shall be made available in electronic format at one of the following locations chosen at the sole discretion of the producing party: (1) the offices of the producing party's primary outside counsel of record in this action; (2) a single, third-party site located within any judicial district in which the Source Code is stored in the ordinary course of business (e.g., an escrow company); or (3) a location mutually agreed upon by the receiving and producing parties. Any location under (1), (2) or (3) above shall be in the continental United States. Source Code will be loaded on a single, non-networked computer that is password protected and maintained in a secure, locked area. Use or possession of any input/output device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, etc.) is prohibited while accessing the computer containing the Source Code.  All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room.  The computer containing Source Code will be made available for inspection during regular business hours, upon reasonable notice to the producing party, which shall not be less than 3 business days in advance of the requested inspection.

b.      The receiving party's outside counsel and/or experts may request

1  that commercially available licensed software tools for viewing and searching Source Code be

2  installed on the secured computer.   The receiving party must provide the producing party with

3  the CD or DVD containing such software tool(s) at least four business days in advance of the

4  inspection.

5                  c.      The receiving party's outside counsel and/or expert shall be

6  entitled to take notes relating to the Source Code but may not copy any portion of the Source

7  Code into the notes.  No copies of all or any portion of the Source Code may leave the room in

8  which the Source Code is inspected except as otherwise provided herein.  Further, no other

9  written or electronic record of the Source Code is permitted except as otherwise provided herein.

10                  d.      No person shall copy, e-mail, transmit, upload, download, print,

11  photograph or otherwise duplicate any portion of the designated Source Code, except as the

12  receiving party may request a reasonable number of pages of Source Code to be printed by the

13  producing party, but only if and to the extent necessary for use in this action.  In no event may

14  the receiving party print more than 25 consecutive pages, or an aggregate total of more than five

15  hundred (500) pages, of Source Code during the duration of the case without prior written

16  approval by the producing party.  Such consent may not be unreasonably withheld.  Within 5

17  business days or such additional time as necessary due to volume requested, the producing party

18  will provide the requested material on watermarked or colored paper bearing Bates numbers and

19  the legend "RESTRICTED CONFIDENTIAL—SOURCE CODE" unless objected to as

20  discussed below.  The printed pages shall constitute part of the Source Code produced by the

21  producing party in this action.  At the inspecting parties request, up to two additional sets (or

22  subsets) of printed Source Code may be requested and provided by the producing party in a

23  timely fashion.

24                  e.      If the producing party objects that the printed portions are not

25  reasonably necessary to any case preparation activity, the producing party shall make such

26  objection known to the receiving party within five business days.  If after meeting and conferring

27  the producing party and the receiving party cannot resolve the objection (where such meet-and-

28  confer need not take place in person), the producing party shall be entitled, but not required, to

seek a Court resolution of whether the printed Source Code in question is reasonably necessary to any case preparation activity. Contested Source Code print outs need not be produced to the requesting party until the matter is resolved by the Court.

f. Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the producing party as "RESTRICTED CONFIDENTIAL—SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below.

g. Any paper copies designated "RESTRICTED CONFIDENTIAL—SOURCE CODE" shall be stored or viewed only at (i) the offices of outside counsel for the receiving party, (ii) the offices of outside experts or consultants who have been approved to access Source Code; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in secure location under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials.

h. The receiving party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart. The producing party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room, and to a copy of the log.

i. Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The producing party shall not be responsible for any items left in the room following each inspection session.

j. The receiving party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment. The receiving party will not transmit any portion of the Source Code in

1   any way from the location of the Source Code inspection.

2                 k.      Only the following individuals shall have access to

3   "RESTRICTED CONFIDENTIAL—SOURCE CODE" materials, absent the express written

4   consent of the Producing Party or further court order:

5                        (1)      Outside counsel of record for the parties to this action,

6   including any attorneys, paralegals, technology specialists and clerical employees of their

7   respective law firms;

8                        (2)      Up to five (5) outside experts or consultants per party, pre-

9   approved in accordance with Paragraphs III.A-III.F and specifically identified as eligible to

10  access Source Code;

11                       (3)      The Court, its technical advisor (if one is appointed), the

12  jury, court personnel, and court reporters or videographers recording testimony or other

13  proceedings in this action.  Court reporters and/or videographers shall not retain or be given

14  copies of any portions of the Source Code.  If used during a deposition, the deposition record will

15  identify the exhibit by its production numbers;

16                       (4)      While testifying at deposition or trial in this action only: (i)

17  any current or former officer, director or employee of the producing party or original source of

18  the information; (ii) any person designated by the producing party to provide testimony pursuant

19  to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored,

20  previously received (other than in connection with this litigation), or was directly involved in

21  creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in

22  view of other testimony or evidence. Persons authorized to view Source Code pursuant to this

23  sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

24                l.      The Receiving Party's outside counsel shall maintain a log of all

25  copies of the Source Code (received from a Producing Party) that are delivered by the Receiving

26  Party to any qualified person under Paragraph g above.  The log shall include the names of the

27  recipients and reviewers of copies and locations where the copies are stored.  Upon request by

28  the producing party, the receiving party shall provide reasonable assurances and/or descriptions

1   of the security measures employed by the receiving party and/or qualified person that receives a

2   copy of any portion of the Source Code;

3              m.      Except as provided in this paragraph, the Receiving Party may not

4   create electronic images, or any other images, of the Source Code from the paper copy for use on

5   a computer (e.g., may not scan the source code to a PDF, or photograph the code).  The

6   Receiving Party may create an electronic copy or image of limited excerpts of Source Code only

7   to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition

8   transcript, other Court document, or any drafts of these documents ("SOURCE CODE

9   DOCUMENTS").  The receiving party shall only include such excerpts as are reasonably

10  necessary for the purposes for which such part of the Source Code is used.  Images or copies of

11  Source Code shall not be included in correspondence between the parties (references to

12  production numbers shall be used instead) and shall be omitted from pleadings and other papers

13  except to the extent permitted herein.  The receiving party may create an electronic image of a

14  selected portion of the Source Code only when the electronic file containing such image has been

15  encrypted using commercially reasonable encryption software including password protection.

16   The communication and/or disclosure of electronic files containing any portion of Source Code

17  shall at all times be limited to individuals who are authorized to see Source Code under the

18  provisions of this Protective Order.  The receiving party shall maintain a log of all electronic

19  images and paper copies of Source Code in its possession or in the possession of its retained

20  consultants, including the names of the recipients and reviewers of any electronic or paper copies

21  and the locations where the copies are stored.  Additionally, all electronic copies must be labeled

22  "RESTRICTED CONFIDENTIAL—SOURCE CODE."

23             n.      To the extent portions of Source Code are quoted in a SOURCE

24  CODE DOCUMENT, either (1) the entire document will be stamped and treated as

25  RESTRICTED CONFIDENTIAL—SOURCE CODE or (2) those pages containing quoted

26  Source Code will be separately bound, and stamped and treated as RESTRICTED

27  CONFIDENTIAL—SOURCE CODE.

28             o.      All copies of any portion of the Source Code in whatever form

1   shall be securely destroyed if they are no longer in use.  Copies of Source Code that are marked

2   as deposition exhibits shall not be provided to the Court Reporter or attached to deposition

3   transcripts; rather, the deposition record will identify the exhibit by its production numbers.

4              p.      The receiving party's outside counsel may only disclose a copy of

5   the Source Code to individuals specified in Paragraph k above (e.g., Source Code may not be

6   disclosed to in-house counsel).

7         **E.    Exercise of Restraint and Care in Designating Material for Protection**

8         Each Party or non-party that designates information or items for protection under this

9   Order must take care to limit any such designation to specific material that qualifies under the

10  appropriate standards.  The mass, indiscriminate, or routinized designation of materials in a

11  manner inconsistent with the provisions of this Order is prohibited.  Designations that are shown to

12  be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily

13  encumber or retard the case development process, or to impose unnecessary expenses and burdens

14  on other parties), are prohibited and may subject the designating party to sanctions.

15  Notwithstanding the foregoing, if it comes to a Party's or a non-party's attention that materials it

16  has designated for protection pursuant to this Order do not qualify for protection at all, or do not

17  qualify for the level of protection initially asserted, that Party or non-party must promptly notify all

18  other parties that it is withdrawing the mistaken designation.

19  **II.    USE OF PROTECTED INFORMATION AT HEARING OR TRIAL**

20        In the event that a party intends to use any Protected Information during any hearing or

21  trial, that party shall provide a minimum of two (2) business days' notice to the producing party.

22  Subject to challenges under section IV, the parties will not oppose any reasonable request by the

23  producing party that courtroom be sealed, if allowed by the Court, during the presentation of any

24  testimony, evidence, or argument relating to or involving the use of any Protected Information.

25  **III.    DISCLOSURE OF ADVISERS**

26        **A.    Purpose**

27        Protected Information designated by the producing party and such copies of Protected

28  Information as are reasonably necessary for maintaining, defending, or evaluating this litigation

may be furnished and disclosed to the receiving party's Advisers and their necessary support personnel.

**B.      No Disclosure Without Protective Order Subscription**

No disclosure of Protected Information designated as CONFIDENTIAL—OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL—SOURCE CODE to an Adviser or their necessary support personnel shall occur until that person has signed the form attached hereto as Attachment A, and a signed copy has been provided to the producing party; and to the extent there has been an objection under paragraph III.C, that objection is resolved according to the procedures set forth below.

**C.      Prior Notice of Intent to Disclose Protected Information to an Adviser**

A party desiring to disclose Protected Information to an Adviser shall also give prior written notice of the intended disclosure by email to all counsel of record in the litigation, and the producing party shall have ten (10) business days after such notice is given to object in writing to the disclosure.  The party desiring to disclose Protected Information to an Adviser must provide the following information for each Adviser: name, address, curriculum vitae, current employer, and employment history for the past five (5) years.  No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period and resolution of any objection.

**D.      Objections to Advisers**

A party objecting to disclosure of Protected Information to an Adviser shall state with particularity the ground(s) of the objection.  The objecting party's consent to the disclosure of Protected Information to an Adviser shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Information to the Adviser will result in specific business or economic harm to that party.

**E.      Resolution of Objections to Advisers**

If after consideration of the objection, the party desiring to disclose the Protected Information to an Adviser refuses to withdraw the Adviser or withdraw the Bates ranges that are the subject of the objection, that party shall provide notice to the objecting party.  Thereafter, the

objecting party shall move the Court, within ten (10) business days of receiving such notice, for a ruling on its objection.  A failure to file a motion within the ten (10) business day period, absent an agreement of the parties to the contrary or for an extension of such ten (10) business day period, shall operate as an approval of disclosure of the identified Bates ranges of Protected Information to the Adviser.  The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

**F.      Burden for Objections to Advisers**

1.      The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the Adviser.  For purposes of this paragraph, "good cause" includes, but is not limited to, a particularized showing that:  (i) the Protected Information is confidential commercial information, and either (ii) disclosure of the Protected Information to the challenged Adviser is likely to harm the objecting party's business, or (iii) the challenged Adviser currently has, previously had, or is reasonably likely in the future to develop, a relationship with a competitor of the producing party that would create a reasonable risk of disclosure, whether intentional or not, of the Protected Information or any part of it to that competitor.

2.      A party who has not previously objected to disclosure of Protected Information to a Adviser or whose objection has been resolved with respect to previously produced Protected Information shall not be precluded from raising an objection to a Adviser at a later time with respect to Protected Information that is produced after the time for objecting to such a Adviser has expired. Any such objection shall be handled in accordance with the provisions set forth above in section III.

**IV.    CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

**A.      Use of Reasonable Care and No Waiver**

The parties shall use reasonable care when designating Protected Information.  Nothing in this Order shall prevent a receiving party from contending that any Protected Information has been improperly designated.  A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or any

1   information contained therein.

2   **B.   Objections to Confidentiality Designations**

3   A party shall not be obligated to challenge the propriety of a designation of any category

4   of Protected Information at the time of production, and a failure to do so shall not preclude a

5   subsequent challenge thereto.  In the event that a party objects to the designation of Protected

6   Information, such a challenge shall be written, shall be served on counsel for the producing party,

7   and shall particularly identify the Protected Information that the receiving party contends should

8   be differently designated.  The parties shall use their best efforts to resolve promptly and

9   informally such disputes and shall advise one another of both the factual and legal basis for their

10   respective positions.  If an agreement cannot be reached, the receiving party shall request that the

11   Court cancel or modify a designation.  The burden of demonstrating the confidential nature of

12   Protected Information shall at all times be and remain on the designating party.

13   **C.   Treatment of Protected Information During Challenge to a Designation**

14   Unless otherwise resolved by agreement between the parties, until a determination by the

15   Court, the Protected Information in issue shall be treated as having been properly designated and

16   subject to the terms of this Order.

17   **V.   LIMITATIONS ON THE USE OF PROTECTED INFORMATION**

18   **A.   Restrictions on Use of Protected Information**

19   All Protected Information shall be held in confidence by each person to whom it is

20   disclosed, shall be used only for purposes of this litigation, shall not be used for any business

21   purpose or in connection with any other legal proceeding, and shall not be disclosed to any

22   person who is not entitled to receive such Protected Information as herein provided.  All

23   produced Protected Information shall be carefully maintained so as to preclude access by persons

24   who are not entitled to receive such Protected Information.

25   **B.   Examinations and Court Filings Concerning Protected Information**

26   Except as may be otherwise ordered by the Court, any person may be examined as a

27   witness at depositions and trial and may testify concerning all Protected Information of which

28   such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

1.     A present director, officer, and/or employee of a producing party may be examined and may testify concerning all Protected Information which has been produced by that party and of which the witness has personal knowledge;

2.     A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

3.     Non-parties may be examined or testify concerning any Protected Information of a producing party, which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party.  Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such Protected Information, unless the producing party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such Protected Information, then prior to the examination, the attorney must provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination.  In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

4.     Every fact witness shall be informed at the start of a deposition that he or she may be shown documents designated as Protected Information in this litigation, and that such Protected Information and the contents therein are being furnished to the witness solely for use in this litigation.  Every fact witness shall be shown a copy of this Order.  No fact witness may retain any documents designated as Protected Information.

5.      All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings unless the Court orders otherwise.  To avoid unnecessary sealing of Court records and motion practice relating to sealed filings, any party preparing a filing with the Court that may contain Protected Information may identify to the producing party or non-party the specific Protected Information at issue and request a waiver of the confidentiality protections for that specific Protected Information.  Upon receipt of such a request to waive confidentiality protections, the producing party or non-party shall respond in good faith within twenty-four (24) hours.

6.      Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released, except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.

7.      Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court.  Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Information designated CONFIDENTIAL or CONFIDENTIAL— OUTSIDE COUNSEL ONLY for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information designated CONFIDENTIAL or CONFIDENTIAL—OUTSIDE COUNSEL ONLY into machine-readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in

1  whatever form stored or reproduced, shall be limited to qualified recipients.

2          8.      Testimony given at deposition may be designated as Protected Information

3  by outside litigation counsel of record by making a statement orally to that effect on the record at

4  any time during the deposition.  Within thirty (30) business days of receipt of the final certified

5  transcript of any deposition, the producing party may request that the original and all copies of

6  the deposition transcript, in whole or in part, be marked CONFIDENTIAL, CONFIDENTIAL—

7  OUTSIDE COUNSEL ONLY, or RESTRICTED CONFIDENTIAL—SOURCE CODE.

8  Confidentiality designations shall be made by notifying all parties in writing of the specific pages

9  and lines of the transcript that should be treated as Protected Information.  Deposition transcripts

10 shall be treated by default as CONFIDENTIAL—OUTSIDE COUNSEL ONLY until the

11 expiration of the time to make a confidentiality designation unless otherwise agreed to by the

12 parties.  Any portions so designated shall thereafter be treated in accordance with the terms of

13 this Order.  Objections to confidentiality designations under this paragraph shall be governed by

14 the procedure set forth in section IV above.

15         **C.      Unauthorized Disclosure of Protected Information**

16         If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected

17 Information to any person or in any circumstance not authorized under this Order, the receiving

18 party must immediately: (i) notify in writing the producing party of the unauthorized

19 disclosure(s); (ii) use its best efforts to retrieve all copies of the Protected Information; (c) inform

20 the person or persons to whom unauthorized disclosures were made of all the terms of this Order;

21 and (d) request that such person or persons execute the confidentiality agreement attached hereto

22 as Attachment A.  Compliance with this paragraph V.C upon the discovery of an unauthorized

23 disclosure of Protected Information is mandatory and shall not excuse a violation of this Order of

24 exempt a violating party from sanctions pursuant to paragraph V.D below.

25         **D.      Violations**

26         If any party violates the limitations on the use of Protected Information as described in

27 this section V, the party violating this Order may be subject to sanctions as ordered by the Court.

28 In the event motion practice is required to enforce the terms of this Order, the prevailing party on

such a motion shall be awarded costs, expenses, and fees, including attorney or other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation.

## VI.     NON-PARTY USE OF THIS PROTECTIVE ORDER

### A.     Purpose

A non-party producing Discovery Material voluntarily or pursuant to a subpoena or a court order may designate such Discovery Material as Protected Information pursuant to the terms of this Protective Order.

### B.     Non-Party Access

A non-party's use of this Protective Order to protect its Protected Information does not entitle that non-party access to the Protected Information produced by any party or non-party in this case.

## VII.     NO WAIVER OF PRIVILEGE

Nothing in this Protective Order shall require production of Discovery Material that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity, common interest doctrine, or other privilege, doctrine, right, or immunity (collectively "Privileged Information"). If Privileged Information is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity. Disclosures among defendants' attorneys of work product or other communications relating to issues of common interest shall not effect or be deemed a waiver of any applicable privilege or protection from disclosure. Any party that inadvertently produces Privileged Information may obtain the return of those materials by promptly notifying the recipient(s) and expressly articulating the basis for the asserted privilege or immunity. The recipient(s) shall gather and return all copies of the inadvertently produced Privileged Information to the producing party, or certify to the producing party that they have been destroyed and/or deleted. Notwithstanding this provision, outside litigation counsel may maintain one (1) copy of inadvertently produced Privileged Information only for the purpose of challenging the privileged nature of the information. Outside litigation

counsel of record are also not required to delete inadvertently produced Privileged Information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business, provided such inadvertently produced Privileged Information is not used for any other purpose following counsel's receipt of the producing party's notice that the Privileged Information should not have been produced.  Disputes regarding whether Discovery Material is discoverable shall be resolved in the same manner as disputes regarding whether Discovery Material that has been produced qualifies as Protected Information, subject to the terms of this section VII.

## VIII.  MISCELLANEOUS PROVISIONS

### A.  Waiver

Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

### B.  Inadvertent or Unintentional Production

Inadvertent or unintentional production of documents or things containing Protected Information that are not designated as one of the categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to documents, the producing party shall immediately upon discovery notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.  In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form.  Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.  Compliance with this paragraph VIII.B shall not excuse a violation of this Order or exempt a violating party from sanctions pursuant to paragraph

1    V.D above.

2        **C.**      **Conclusion of Litigation**

3        Within sixty (60) business days after the entry of a final non-appealable judgment or

4 order, or the expiration of the deadline for any party to appeal any final judgment or order, or the

5 complete settlement of all claims asserted against all parties in this action, each party shall, at the

6 option of the producing party, either return or destroy all physical objects and documents which

7 embody Protected Information it has received, and shall destroy in whatever form stored or

8 reproduced, all physical objects and documents, including but not limited to, correspondence,

9 memoranda, notes and other work product materials, which contain or refer to any category of

10 Protected Information.  All Protected Information not embodied in physical objects and

11 documents shall remain subject to this Order.  In the event that a party is dismissed before the

12 entry of a final non-appealable judgment or order, this same procedure shall apply to any

13 Protected Information received from or produced to the dismissed party.  Notwithstanding this

14 provision, outside litigation counsel of record are not required to delete Protected Information

15 that may reside on their respective firm's electronic back-up systems.  Notwithstanding the

16 foregoing, outside counsel shall be entitled to maintain two (2) copies of all pleadings, motions

17 and trial briefs (including all supporting and opposing papers and exhibits thereto), written

18 discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits

19 thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial,

20 and their attorney work product which refers or is related to any Protected Information

21 designated CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSEL ONLY or

22 RESTRICTED CONFIDENTIAL—SOURCE CODE for archival purposes only.  If a party opts

23 to destroy Protected Information designated CONFIDENTIAL, CONFIDENTIAL—OUTSIDE

24 COUNSEL ONLY, or RESTRICTED CONFIDENTIAL—SOURCE CODE, the party must

25 provide a Certificate of Destruction to the producing party.

26        **D.**      **Subpoenas**

27        If at any time documents containing Protected Information are subpoenaed by any court,

28 arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to

whom the subpoena or other request is directed shall immediately give written notice thereof to every party or non-party who has produced such documents and to its counsel, and shall provide each such party with an opportunity to object to the production of such documents.  If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

### E.   Post-Filing Communications

No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log.  The parties shall exchange their respective privilege document logs at a time to be agreed upon by the parties following the production of documents.

### F.   Modification of Protections

This Order is entered without prejudice to the right of any party, either by agreement with other parties to this action, or by applying to the Court if agreement cannot be reached among parties, to extend additional protection, or to reduce or rescind the restrictions of this Order, when convenience or necessity requires.   Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

### G.   No Agreement Concerning Discoverability or Relevance

The identification or agreed upon treatment of certain types of Discovery Material does not reflect agreement by the parties that the disclosure of such categories of Discovery Material is required or appropriate in this action, or that such Discovery Material is relevant to or admissible in this action.  The parties reserve the right to argue that any particular category of Discovery Material should not be produced, is not relevant, or is not admissible.

### H.   No Limitation on Legal Representation

Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

**I.      Agreement Upon Execution**

Each of the parties agrees to be bound by the terms of this Protective Order as of the date counsel for such party executes this Protective Order, even if prior to entry of this order by the Court.

**J.      Section Headings**

The section headings used in this Order shall be intended for convenience only and shall not be deemed to supersede or modify any provisions.

**K.      Interpretation, Enforcement and Continuing Jurisdiction**

The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Agreed Protective Order.  After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to that Discovery Material that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation.  All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Northern District of California.

DATE:  October 20, 2011

/s/ *Michael H. Rubin*
David H. Kramer
Michael H. Rubin
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:      (650) 493-9300
Facsimile:       (650) 565-5100
Email:            dkramer@wsgr.com
Email:            mrubin@wsgr.com

Tonia Ouellette Klausner
Brian M. Willen
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas
40th Floor
New York, NY 10019
Telephone:     (212) 999-5800
Facsimile:     (212) 999-5899
Email:          tklausner@wsgr.com

***Attorneys for Defendant Google Inc.***

DATE:  October 20, 2011                    /s/ Jonas Palmer Mann

William M. Audet
Jonas Palmer Mann
Joshua Caleb Ezrin
AUDET & PARTNERS LLP
221 Main Street
Suite 1460
San Francisco, CA 94105
Telephone:     (415) 982-1776
Facsimile:     (415) 568-2556
Email:          waudet@audetlaw.com
Email:          jmann@audetlaw.com
Email:          jezrin@audetlaw.com

Robert K. Shelquist
LOCKRIDGE GRINDAL NAUEN PLLP
Executive Committee Member
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
Telephone:     (612) 339-6900
Facsimile:     (612) 339-0981
Email:          rkshelquist@locklaw.com

Joseph H. Malley
LAW OFFICE OF JOSEPH H. MALLEY, PC
1045 North Zang Boulevard
Dallas, TX 75208
Telephone:     (214) 943-6100
Facsimile:     N/A
Email:          malleylaw@gmail.com

***Attorneys for Plaintiffs Beverly Levine,
Phillip Hall, Erin Hillman, and Theodore
Spradley***

Suzanne L. Havens Beckman
David Christopher Parisi
Azita Moradmand
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403

Telephone:   (818) 990-1299
Facsimile:   (818) 501-7852
Email:       shavens@parisihavens.com
Email:       dcparisi@parisihavens.com
Email:       amoradmand@parisihavens.com

Avi Melech Kreitenberg
KAMBERLAW, LLP
1180 South Beverly Drive
Suite 601
Los Angeles, CA 90035
Telephone:   (310) 400-1052
Facsimile:   (310) 400-1056
Email:       akreitenberg@kamberlaw.com

Scott A. Kamber
David A. Stampley
KAMBERLAW, LLC
100 Wall Street
23rd Floor
New York, NY 10005-3704
Telephone:   (212) 920-3072
Facsimile:   (212) 290-3081
Email:       skamber@kamberlaw.com
Email:       dstampley@kamberlaw.com

***Attorneys for Plaintiff Juliann King***

Sara Dawn Avila
Gillian Leigh Wade
MILSTEIN ADELMAN, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Telephone:   (310) 396-9600
Facsimile:   (310) 396-9635
Email:       savila@milsteinadelman.com
Email:       gwade@milsteinadelman.com

Howard W. Rubenstein
Richard A. Proaps
THE LAW OFFICES OF HOWARD W.
RUBENSTEIN
P.O. Box 4839
Aspen, CO 81612
Telephone:   (832) 715-2788
Facsimile:   (516) 688-0630
Email:       howardr@pdq.net
Email:       rproaps@aol.com

***Attorneys for Plaintiff Tracey Lipton***

Salim Khawaja
LAW OFFICE OF SALIM KHAWAJA
1010 Second Avenue
Suite 1750

San Diego, CA 92101
Telephone:      (619) 685-5300
Facsimile:      (619) 685-5344
Email:          salimklaw@hotmail.com

Nabil Majed Nachawati, II
FEARS NACHAWATI LAW FIRM
4925 Greenville Avenue
Suite 715
Dallas, TX 75206
Telephone:      (214) 890-0711
Facsimile:      (214) 890-0712
Email:          mn@fnlawfirm.com

Jeremy Reade Wilson
WILSON TROSCLAIR & LOVINS
302 North Market Street
Suite 501
Dallas, TX 75202
Telephone:      (214) 430-1930
Facsimile:      (214) 276-1475
Email:          jeremy@wtlfirm.com

***Attorneys for Maritsa Urias and Stan Hines***

Donald Amamgbo
AMAMGBO & ASSOCIATES
6167 Bristol Parkway, #325
Culver City, CA 90230
Telephone:      (310) 337-1137
Facsimile:      (310) 337-1157
Email:          donald@amamgbolaw.com

Reginald Terrell
THE TERRELL LAW GROUP
Post Office Box 13315, PMB #148
Oakland, CA 94661
Telephone:      (510) 237-9700
Facsimile:      (510) 237-4616
Email:          reggiet2@aol.com

***Attorneys for Plaintiff Kendrick Cochran***

Steven T. Budaj
Donald J. Andrews, II
Paul M. Hughes
STEVEN T. BUDAJ, P.C.
65 Cadillac Square
Suite 2915
Detroit, MI 48226
Telephone:      (313) 964-6465
Facsimile:      (313) 447-2889
Email:          stbudaj@counsel.cc
Email:          j.andrews2@excite.com
Email:          paul@attorneyhughes.com

*Attorneys for Plaintiffs Julie Brown and*
*Kayla Molaski*

Aaron C. Mayer
MAYER LAW GROUP
18 Carolina Street
Suite B
Charleston, SC 29403
Telephone:     (843) 376-4929
Facsimile:     (888) 446-3963
Email:         aaron@mayerlawgroup.com

*Attorneys for Jon Pessano, Nicholas*
*Lawrence and Sid Lajzer*

Brian W. Smith
SMITH & VANTURE, LLP
1615 Forum Place
Suite 4C
West Palm Beach, FL 33401
Telephone:     (561) 684-6330
Facsimile:     (561) 688-0630
Email:         bws@smithvanture.com

Howard W. Rubinstein
THE LAW OFFICES OF
        HOWARD W. RUBINSTEIN
P.O. Box 4839
Aspen, CO 81612
Telephone:     (832) 715-2788
Facsimile:     (561) 688-0630
Email:         howardr@pdq.net

*Attorneys for Plaintiffs James and Jessica*
*Jefferys*

E. Kirk Wood
WOOD LAW FIRM, LLC
P.O. Box 382434
Birmingham, AL 35238-2434
Telephone:     (205) 612-0243
Facsimile:     (866) 747-3905
Email:         ekirkwood1@bellsouth.net

Joe R. Whatley, Jr.
Whatley, Drake, & Kallas
2001 Park Place North
Suite 1000
Birmingham, AL 35203
Telephone:     (205) 328-9576
Facsimile:     (205) 328-9669
Email:         hwhatley@wdklaw.com

*Attorneys for Plaintiffs Joan Smith and*

*Bryan Hicks*

DATE:  October 20, 2011

/s/ *Betsy Manifold*

Betsy Carol Manifold
Francis M Gregorek
Patrick Hugh Moran
Rachel R. Rickert
WOLF HALDENSTEIN ADLER FREEMAN
    & HERZ
Symphony Towers
750 B Street
Suite 2770
San Diego, CA 92101
Telephone:     (619) 239-4599
Facsimile:     (619) 234-4599
Email:          manifold@whafh.com
Email:          gregorek@whafh.com
Email:          moran@whafh.com
Email:          rickert@whafh.com

Joseph Jeremy Siprut
SIPRUT, PC
122 South Michigan Avenue
Suite 1850
Chicago, IL 60603
Telephone:     (312) 588-1440
Facsimile      (312) 427-1850
Email:          jsiprut@siprut.com

**Attorneys for Troy Yuncker**

DATE:  October 20, 2011

/s/ *Tyler Griffin Newby*

Tyler Griffin Newby
Laurence F. Pulgram
Sebastian Elan Kaplan
FENWICK & WEST LLP
555 California Street
Suite 1200
San Francisco, CA 94104
Telephone:     (415) 875-2300
Facsimile:     (415) 281-1350
Email:          tnewby@fenwick.com
Email:          lpulgram@fenwick.com
Email:          skaplan@fenwick.com

**Attorneys Pandora Media, Inc.**

1   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3   SIGNED this 21st day of __October__, 20 11 .

4

5   _____
    JEFFREY S. WHITE
6   UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT A TO THE AGREED PROTECTIVE ORDER**
**FOR THE TREATMENT OF CONFIDENTIAL INFORMATION**

**CONFIDENTIALITY AGREEMENT**

1. My name is _____.

2. I reside at _____.

3. My present employer is _____.

4. My present occupation or job description is _____.

5. I have been engaged as _____ on

   behalf of _____ in the

   preparation and conduct of litigation styled [CASE CAPTION].

6. I have received a copy of the Agreed Protective Order dated _____, 20__, and I have

   carefully read and understand its provisions.  I agree to comply with and be bound by all the

   provisions of said Order.  I understand that I am to retain all copies of any documents

   designated as CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSEL ONLY and/or

   RESTRICTED CONFIDENTIAL—SOURCE CODE, or any similar designation, in a secure

   manner and in accordance with the terms of said Order, and that all copies are to remain in

   my personal custody until I have completed my assigned duties, whereupon the copies and

   any writings prepared by me containing any information containing any Protected

   Information or documents designated CONFIDENTIAL, CONFIDENTIAL—OUTSIDE

   COUNSEL ONLY and/or RESTRICTED CONFIDENTIAL—SOURCE CODE, or any

   similar designation, are to be returned to counsel who provided me with such material.

7. I will not divulge Protected Information to persons other than those specifically authorized

   by said Order, and I will not copy or use except solely for the purpose of this action, any

   Protected Information obtained pursuant to said Order, except as provided in said Order.  I

   also agree to notify any stenographic or clerical personnel who are required to assist me of

   the terms of said Order.

8.  In accordance with paragraph III.C of the Order (if applicable), I have attached to this Confidentiality Agreement my curriculum vitae and any other required information sufficient to identify my current employer and employment history for the past five (5) years.

9.  I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____

Executed on _____, 20____.